Filed 1/19/23  P. v. Galarza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAMIEN LEONARD GALARZA,<br><br>    Defendant and Appellant. | G061333<br><br>(Super. Ct. No. 08CF0137)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Damien Leonard Galarza, in pro. per.; and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*    *    *

In 2012, a jury convicted Damien Leonard Galarza of first degree murder (Pen. Code,[1] § 187, subd. (a)) and street terrorism (§ 186.22, subd. (a)). The jury found true two special circumstance allegations: lying in wait (§ 190.2, subd. (a)(15)) and murder committed to further the activities of a criminal street gang (§ 190.2, subd. (a)(22)). The jury also found true that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and that Galarza had vicariously discharged a firearm as a gang member which caused a death (§ 12022.53, subds. (d) & (e)(1)). The trial court sentenced Galarza to life in prison without the possibility of parole for the murder conviction, and concurrent terms for the street terrorism charge and the enhancements.

In 2021, Galarza filed a propria persona petition for resentencing pursuant to section 1170.95. The People filed a written response to the petition. The alternate defender appointed to represent Galarza filed a "Brief in Support of Petition for Re-Sentencing." After entertaining argument from both sides, the trial court denied the petition on April 26, 2022. Galarza filed a timely notice of appeal from that ruling.

We appointed counsel to represent Galarza on appeal. After conducting his analysis of potential appellate issues, counsel informed us in his declaration that he reviewed the appellate record and consulted with a staff attorney at Appellate Defenders, Inc., who also reviewed the record. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, suggesting that he was unable to find an issue to argue on Galarza's behalf. While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done. Counsel also advised Galarza of his right to file a written argument on his own behalf which he did on November 9, 2022.

---

[1]     All statutory references are to the Penal Code.

## FACTS

A detailed recitation of the facts is set forth in our unpublished opinion which affirmed Galarza's convictions. (*People v. Galarza* (Oct. 15, 2013, G046827) [nonpub. opn.].) In light of the narrow issue raised by this appeal, we summarize those facts only briefly.

On January 3, 2008, Juan Orejel (Juan) was shot and killed in Santa Ana. Prior to his death, Juan had been with members of a local tagging crew that operated in the general area in which he was killed. Moments before Juan was shot, a vehicle approached him and his companions with its headlights off. Three people jumped out of the vehicle. One of them shot Juan.

The prosecution presented evidence at trial that the shooting was gang related. Galarza admitted during a police interrogation that he was one of the individuals who arrived at the scene in the blacked-out car, but he denied he was the shooter. He said much the same thing during his trial testimony.

## DISCUSSION

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which eliminated the theory of natural and probable consequences liability for murder, and limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).)

As relevant here, Senate Bill 1437 accomplished its goals by adding the following language to section 189, subdivision (e): "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in

the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also added section 188, subdivision (a)(3): "Except [for felony murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

At the same time, the Legislature added section 1170.95 (later renumbered § 1172.6), which created a process for those convicted of felony murder or murder under a natural and probable consequences theory to seek resentencing or to have the conviction vacated if their conduct did not constitute murder under the redefinition of that crime provided by Senate Bill 1437. (*Lewis, supra*, 11 Cal.5th at p. 959.)

The first step for a prisoner seeking resentencing pursuant to section 1172.6 is to file a facially adequate petition which establishes a prima facie basis for relief. A prima facie showing is not made if the record of conviction available to the trial court establishes as a matter of law that the petitioner is ineligible for resentencing. That was the case here. The trial court denied Galarza's petition after concluding he had not made, and could not make, the required prima facie showing. The court indicated it "spent a lot of time looking at the [trial] arguments and [trial] transcripts," and as a result concluded "for the jury to come back with true special circumstance findings they had to find beyond a reasonable doubt that the defendant had the intent to kill." In his brief, Galarza concedes this finding.

We have conducted a similar analysis and reached the same conclusion. A petitioner is ineligible for resentencing if he or she acted with the intent to kill. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14). The jury's true finding on the lying in wait special circumstance established that jurors unanimously agreed Galarza acted with the intent to kill, thus disqualifying him as a matter of law from the statutory relief he seeks. (*Ibid.*)

4

We have examined the entire record in this case and, like counsel, have not found any other viable issue for him to argue on appeal. Generally speaking, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorable to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) No such issue presents itself in this record.

## DISPOSITION

The postjudgment order is affirmed.

GOETHALS, ACTING P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

5